1  DONNA TAMANAHA, Assistant U.S. Trustee (WI#1013199)
   JULIE M. GLOSSON, Trial Attorney (#230709)
2  JAMES A. SHEPHERD, Trial Attorney (DC#476306)
   U.S. Department of Justice
3  Office of the United States Trustee
   235 Pine Street, Suite 700
4  San Francisco, CA 94104
   Telephone: (415) 705-3333
5  Facsimile:  (415) 705-3379

6  Attorneys for Acting United States Trustee
    SARA L. KISTLER

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>    JERRY L. ORR,<br><br>            Debtor.<br>_____<br>SARA L. KISTLER, Acting United States Trustee for the Northern District of California,<br><br>            Plaintiff,<br><br>  v.<br><br>JERRY L. ORR,<br><br>            Defendant. | Case No. 06-10840<br><br>Chapter 7<br><br>Adv. Proc. No.:_____ |

**UNITED STATES TRUSTEE'S <u>FIRST AMENDED</u> COMPLAINT
FOR DENIAL OF DEBTOR'S DISCHARGE UNDER 11 U.S.C. § 727**

Plaintiff Sara L. Kistler, Acting United States Trustee for the Northern District of California respectfully represents:

1. Defendant is the Debtor in this chapter 7 case.

2. Plaintiff is the Acting United States Trustee herein.

UNITED STATES TRUSTEE'S <u>FIRST AMEND</u> COMPLAINT FOR DENIAL OF DEBTOR'S DISCHARGE UNDER 11 U.S.C. § 727   - 1 -

3. This is an adversary proceeding in which Plaintiff is objecting to the discharge of Defendant in bankruptcy case no. 06-10840. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 727.

4. This is a core proceeding over which this court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2).

## GENERAL ALLEGATIONS

5. On November 17, 2006, Defendant filed a petition for relief under chapter 7 of title 11 of the United States Code. Jeffry G. Locke is the chapter 7 trustee.

6. The time for Plaintiff to file a complaint objecting to discharge under section 727(a) was extended by order of this Court to and including June 18, 2007.

7. Defendant is an individual who operated Metrodome Salon as a sole proprietorship.

8. Defendant is a licensed hair stylist who at the time of filing was working in the Metrodome Salon.

9. Defendant operated Metrodome Salon since approximately April 1999.

10. Since filing, Metrodome Salon ceased operations.

11. In the year prior to filing for relief under title 11, Defendant resided at 1998 W. Bristlecone Court in Santa Rosa, California.

12. In March or April 2006, Steve Kittleson, an acquaintance of Defendant, paid approximately $51,064 on five credit card accounts held in Defendant's name.

13. In April 2006, Kittleson lent approximately $20,000 to Defendant. Those funds were deposited into Defendant's bank account held jointly with Defendant's former domestic partner, Steven Arnold.

14. Defendant refinanced the Bristlecone property in May 2006 or June 2006. The proceeds from the refinance totaled approximately $75,000.

15. From the refinanced proceeds approximately $55,000 was paid to Steve Kittleson. The remaining $20,000 was paid to Defendant.

16. On October 31, 2006, Defendant sold his personal residence located at 1998 W. Bristelcone Court in Santa Rosa, California.

17. The proceeds from the sale of 1998 W. Bristlecone Court was approximately $256,769.

18. Defendant did not receive the proceeds from the sale of 1998 W. Bristlecone Court. Instead, Defendant directed the proceeds of sale to the buyer of Bristlecone, Timothy Heffernan.

**FIRST CAUSE OF ACTION**
**False Oath under 11 U.S.C. § 727(a)(4)**

19. Plaintiff incorporates herein by this reference paragraphs 1 through 18.

20. On or about November 17, 2006, Defendant knowingly and fraudulently made a false oath in this case when under penalty of perjury, Defendant certified the Statement of Financial Affairs was true and correct to the best of Defendant's knowledge, information, and belief, when in truth and fact, as Defendant then well knew, the Statement of Financial Affairs at Item 11 - Closed Financial Accounts - falsely stated that the $20,000 deposited into the joint account belonged to Mr. Arnold when in truth and in fact the funds belonged to Defendant.

21. On or about November 17, 2006, Defendant knowingly and fraudulently made a false oath in this case when under penalty of perjury, Defendant certified the Statement of Financial Affairs was true and correct to the best of Defendant's knowledge, information, and belief, when in truth and fact, as Defendant then well knew, the Statement of Financial Affairs at Item 11 - Closed Financial Accounts - falsely stated that the $20,000 was withdrawn by Mr. Arnold when in truth and in fact the funds were withdrawn by Defendant.

22. As provided in 28 U.S.C. § 1746, such certification had like force and effect as an oath.

23. The discharge of Defendant should be denied under section 727(a)(4).

**SECOND CAUSE OF ACTION**
**Transfer or Concealment of Property of Defendant under 11 U.S.C. § 727(a)(2)(A)**

24. Plaintiff incorporates herein by this reference paragraphs 1 through 18.

25. Plaintiff objects to the discharge of Defendant under 11 U.S.C. § 727(a)(2)(A) on the

grounds that on or about October 31, 2006, and within one year before the date of the filing of the petition herein, Defendant executed documents and authorized the transfer or permitted the transfer of the sale proceeds of approximately $256,769 to the buyer of the Bristlecone property, Timothy Heffernan.

26. Defendant made the transfer of the sale proceeds to Timothy Heffernan with the intent to hinder, delay, or defraud a creditor or the Chapter 7 Trustee.

27. The discharge of Defendant should be denied under section 727(a)(2)(A).

### THIRD CAUSE OF ACTION
### Transfer or Concealment of Property of the Estate under 11 U.S.C. § 727(a)(2)(B)

28. Plaintiff incorporates herein by this reference paragraphs 1 through 18.

29. Plaintiff objects to the discharge of Defendant under 11 U.S.C. § 727(a)(2)(B) on the grounds that after the date of filing Defendant permitted the transfer or concealment of the sale proceeds of approximately $256,769 to the buyer of the Bristlecone property, Timothy Heffernan.

30. Defendant permitted the transfer or concealment of the sales proceeds, which is property of Defendant's bankruptcy estate, with the intent to hinder, delay, or defraud a creditor or the Chapter 7 Trustee.

31. The discharge of Defendant should be denied under section 727(a)(2)(B).

### FOURTH CAUSE OF ACTION
### Failure to Keep or Preserve Recorded Information under 11 U.S.C. § 727(a)(3)

32. Plaintiff incorporates herein by this reference paragraphs 1 through 18.

33. Defendant failed to keep or preserve books, records, documents, and papers from which his financial condition or business transactions might be ascertained, including books and records of Metrodome Salon.

34. Defendant failed to keep or preserve books, records, documents, and papers from which his financial condition or business transactions might be ascertained, including but not limited to the refinance on the Bristlecone property in May or June 2006, the sale of Bristlecone in October 2006, or

UNITED STATES TRUSTEE'S FIRST AMEND COMPLAINT FOR DENIAL OF DEBTOR'S DISCHARGE
UNDER 11 U.S.C. § 727                                                                                           - 4 -

1 the credit card payments made by Mr. Kittleson in March 2006.

35. The discharge of Defendant should be denied under section 727(a)(3).

### FIFTH CAUSE OF ACTION
**Failure to Explain Satisfactorily any Loss of Assets or Deficiency of Assets to Meet Liabilities under 11 U.S.C. § 727(a)(5)**

36. Plaintiff incorporates herein by this reference paragraphs 1 through 18.

37. Although requested to do so at the Bankruptcy Rule 2004 examination of Defendant on March 20, 2007, Defendant was unable to explain satisfactorily the loss of assets or deficiency of assets to meet liabilities.

38. Specifically, Defendant has not explained satisfactorily the disposition of the $256,769 from the sale of the Bristlecone property.

39. Defendant testified that the proceeds were transferred to Timothy Heffernan.

40. Documents subpoenaed from the title company where escrow was closed include seller's closing instructions with Defendant's authorization that proceeds be paid to Timothy Heffernan.

41. Defendant was unable to explain satisfactorily the reason for the transfer of the sale proceeds to Timothy Heffernan.

42. Further, Defendant has not explained satisfactorily the disposition of the $20,000 deposited into his bank account held jointly with Mr. Arnold.

43. Defendant testified that the proceeds were withdrawn and used by Defendant to invest in an investment Defendant discovered on the internet.

44. Defendant's testimony is not supported by the Statement of Financial Affairs.

45. The discharge of Defendant should be denied under section 727(a)(5).

///
///
///
///

UNITED STATES TRUSTEE'S <u>FIRST AMEND</u> COMPLAINT FOR DENIAL OF DEBTOR'S DISCHARGE UNDER 11 U.S.C. § 727 - 5 -

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the discharge of Defendant and Debtor Jerry L. Orr be denied, and that Plaintiff shall such other and further relief as to this court deems just and proper.

Dated: June 19, 2007
Respectfully Submitted,
Sara L. Kistler, Acting United States Trustee

By: /s/ Julie M. Glosson, 230709
Trial Attorney for Plaintiff

UNITED STATES TRUSTEE'S <u>FIRST AMEND</u> COMPLAINT FOR DENIAL OF DEBTOR'S DISCHARGE UNDER 11 U.S.C. § 727

- 6 -