JERRY ORR
2474 Westpoint Place
Santa Rosa CA  95404
707-494-1463

Defendant In Pro Per,

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

In Re

JERRY ORR,

        Debtor.
_____/

SARA KISTLER, Acting United States Trustee for the Northern District of California,

        Plaintiff,

v.

JERRY ORR,

        Defendant.
_____/

Chapter 7
Bankruptcy Case No. 06-10840

A.P. No. 07-1049

**ANSWER TO COMPLAINT**

COMES NOW defendant, JERRY ORR, answering the complaint:

1. Defendant admits paragraphs 1 through 12 of the complaint.

2. Defendant admits paragraphs 13 and 14 of the complaint.

3. Defendant admits he refinanced the property at 1998 W. Bristlecone Court in May or June 2006 and that Steve Kittleson received $55,000 from the escrow. However, defendant did not have access to the remaining $20,000 and, therefore, denies paragraph 15 of the complaint.

4. Defendant admits said property was transferred.  Said transfer was not a sale in the normal sense.  Buyer's interest was only in using the property to fabricate

-1-

and place an illegal loan on the property. Therefore, defendant denies paragraph 16 of the complaint to this extent to clarify the word "sold."

5. Defendant admits the Bristlecone property was sold, but the $256,769 was not proceeds of sale directly from buyer. Said money came from an illegal loan buyer placed on the property of which seller/defendant was unaware until after the close of escrow; therefore, defendant denies paragraph 17 of the complaint.

6. Defendant admits not receiving the proceeds, but denies directing or otherwise controlling said loan proceeds, and, therefore, denies paragraph 18 of the complaint.

7. Defendant denies paragraphs 19 and 20 of the complaint.

8. Defendant answered Statement of Financial Affairs #11 to the best of his ability given the circumstances as of the date of the filing of the petition, and, therefore, denies paragraph 21 of the complaint.

9. Defendant has no information or belief as to this allegation and, therefore, denies paragraph 22 of the complaint.

10. Defendant denies paragraph 23 of the complaint.

11. Defendant denies paragraph 24 of the complaint.

12. Defendant admits paragraph 25 of the complaint.

13. Defendant denies paragraphs 26 through 28 of the complaint.

14. Defendant admits signing documents, but denies any intent to conceal or defraud and, therefore, denies paragraph 29.

15. Defendant denies paragraphs 30 through 38 of the complaint.

16. Defendant admits paragraph 39 of the complaint to the extent he believes the proceeds were transferred to Timothy Heffernan.

17. Defendant admits paragraph 40 of the complaint to the extent he signed documents to sell this home.
18. Defendant denies paragraphs 41 through 43 of the complaint.
19. Defendant admits paragraph 44 of the complaint.
20. Defendant denies paragraph 45 of the complaint.

AFFIRMATIVE DEFENSES

1. This complaint has not been timely filed under the rules and procedures of California law.
2. Plaintiff has failed to meet the applicable statute of limitations under state and federal law.
3. Plaintiff failed to exercise reasonable care during those periods alleged in the complaint and any and all damage, if any, suffered by the plaintiff was caused by his own contributory negligence.
4. Plaintiff has waived his right to the relief sought due to his own acts and omissions with reference to the matters alleged in the complaint.
5. Plaintiff is estopped from seeking the relief sought due to his own acts and omissions with reference to the matters alleged in the complaint.
6. The allegations in the complaint herein whether considered independently or as a whole, fail to state sufficient facts to constitute a cause of action against this answering defendant.

WHEREFORE, the defendant prays as follows:

1. That the plaintiff take nothing by way of his complaint;
2. For costs of suit herein and for attorney's fees;
3. For such further relief deemed just and proper.

July 19, 2007                        Jerry Orr_____
                                     JERRY ORR, Defendant

**AP Case No. 07-1049**

## Proof of Service By Mail

I am over the age of eighteen years, employed in the County of Sonoma, and not a party to the within entitled proceeding. My business address is 718 Orchard Street, Santa Rosa, California, 95404.

On July 19, 2007, I served the following document(s):

### ANSWER TO COMPLAINT

on the interested parties in said proceeding by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States in Santa Rosa, California, addressed as follows:

**Julie M. Glosson, Trial Attorney**
**Office of the United States Trustee**
**235 Pine Street #700**
**San Francisco CA  94104**

I am readily familiar with my employer's procedures for the pick-up and delivery of mail. Under those procedures, mail is picked up from the receptacles maintained by the office for the deposit of outgoing mail and the mail is deposited in the United States Mail at Santa Rosa, California on the same day that it is deposited in the receptacles. On the date set forth above, I inserted the foregoing document in an envelope addressed as set forth above, and then sealed the envelope and deposited the same in the receptacle maintained for the pick-up of outgoing mail.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

July 19, 2007                    <u>Tabetha Vough</u>
                                 Legal Assistant